UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CLEVELAND WHITE FEATHER,<br><br>Defendant. | 3:78-CR-30025-ECS<br><br>OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION |

Defendant Cleveland White Feather, appearing pro se, filed "Petition 3582," which this Court construes as a motion for sentence reduction under 18 U.S.C. § 3582(c). Doc. 2. White Feather's Petition raises a single question: Whether an inmate serving a federal prison sentence imposed for conduct committed before November 1, 1987, may seek a sentence reduction under 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. This Court finds that he cannot and therefore denies his Petition.

I. **Background**

On April 23, 1979, White Feather was sentenced to life in prison for murder and 10 years' imprisonment for burglary, to run concurrently. Doc. 1-3; Doc. 4. Later, in August 2013, White Feather was convicted in the United States District Court for the Southern District of Illinois for the murder of his cellmate. United States v. White Feather, 4:11-CR-40060, Doc. 161 (S.D. Ill. Aug. 1, 2013). The District Court for the Southern District of Illinois sentenced him to another term of life imprisonment. Id. White Feather now seeks a sentence reduction based on what he refers to as a law "passed back in November the 1st year 2024 and immediately became

1

a federal 'retroactive' law. As of January the 1st year 2025. Pertaining to 1st time offenders and their age at the day of sentencing." Doc. 2 at 1. White Feather's motion cites no other law. See id. The United States assumes that White Feather is referring to Amendment 829 to the United States Sentencing Guidelines that went into effect on November 1, 2024. Doc. 4 at 1–2; see U.S. Sent'g Guidelines Manual § 5H1.1 (U.S. Sent'g Comm'n 2024). Amendment 829 provides:

> Age (including youth) may be relevant in determining whether a departure is warranted. . . . A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice system, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.

U.S. Sent'g Guidelines Manual Supplement to app. C, Amendment 829, at 272–73 (U.S. Sent'g Comm'n 2024). This Court agrees that White Feather likely seeks a sentence reduction based on Amendment 829.[1]

## II. Discussion

This Court construes White Feather's "Petition 3582" as a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[2] As originally enacted, § 3582(c)(1)(A) read:

---

[1] If White Feather intended to assert a different basis for a sentence reduction, he may file a new motion setting forth the basis for that request.

[2] Even if this Court were to construe White Feather's petition as a motion for sentence reduction under 18 U.S.C. § 3582(c)(2), the result would be the same. Subsection (2) of 18 U.S.C. § 3582(c) allows a court to "reduce the term of imprisonment for a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." United States v. Coonan, --- F.4th ----, 2025 WL 1888219, at *3 (2d Cir. July 9, 2025) (citation modified); see also 18 U.S.C. § 3582(c)(2). But § 3582(c)(2) "clearly does not apply to" White Feather's sentence because it is a provision of the Sentencing Reform Act of 1984, and the Sentencing Reform Act of 1984 "itself says it 'shall

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

United States v. Coonan, --- F.4th ----, 2025 WL 1888219, at *2 (2d Cir. July 9, 2025) (quoting Sentencing Reform Act of 1984, Pub. L. No. 98-473, ch. II, sec. 212(a)(2), § 3582(c)(1), 98 Stat. 1987, 1998-99 (enacting 18 U.S.C. § 3582)). "The First Step Act of 2018 amended § 3582(c)(1)(A) to allow prisoners to file motions for compassionate release" rather than relying on the Bureau of Prisons to file one on their behalf. United States v. McIvor, 82-CR-0003, 2021 WL 3487107, at *2 (D. Minn. Aug. 9, 2021) (citing Pub. L. No. 115-391, 132 Stat. 5194, 5239).

But § 3582(c)(1)(A) does not apply to White Feather because he committed the offense for which he was sentenced before November 1, 1987—the effective date of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 stat. 1987. At the time of White Feather's sentencing, compassionate release was governed by 18 U.S.C. § 4205(g). See United States v. Dubray, CR 87-50031, 2022 WL 220060, at *2 (D.S.D. Jan. 25, 2022). Even though Congress, through the Sentencing Reform Act of 1984, replaced § 4205(g) with § 3582(c)(1)(A), section 4205(g) "remains the controlling law for inmates whose offenses occurred prior to" the Sentencing Reform Act of 1984 taking effect. Id.; see also Sentencing Reform Act of 1985, Pub. L. No. 99-217, § 4, 99 Stat. 1728 (1985) (changing the effective date to 36 months following the date of enactment). As the Seventh Circuit explained in United States v. Jackson:

> Section 3582 was added to the Criminal Code (i.e., Title 18) by the 1984 Act, which contains a transition provision. As amended in 1987, this transition rule provides that its provisions "shall apply only to offenses committed after the taking effect of

---

apply only to offenses committed after' its effective date of November 1, 1987." Coonan, --- F.4th ----, 2025 WL 1888219, at *3.

3

> this Chapter." Pub. L. No. 100-182, 101 stat. 1266 § 2, 18 U.S.C. § 3551 note. People whose crimes predate November 1, 1987, continue to be governed by the law in force at the time of their offenses, such as the old chapter 311 of Title 18, which set up a system of parole. The Parole Commission could release prisoners who faced medical problems and were eligible for parole. And a judge could reduce a prisoner's "minimum term," but only on motion of the Director of the Bureau of Prisons. 18 U.S.C. § 4205(g) (repealed by the Sentencing Reform Act yet still applicable to crimes committed before November 1, 1987).

991 F.3d 851, 852–53 (7th Cir. 2021); see also Coonan, --- F.4th ----, 2025 WL 1888219, at *2; 28 C.F.R. § 572.40 ("18 U.S.C. 4205(g) was repealed effective November 1, 1987, but *remains* controlling law for inmates whose offenses occurred prior to that date. For inmates whose offenses occurred on or after November 1, 1987, the applicable statute is 18 U.S.C. § 3582(c)(1)(A)." (emphasis added)). Because White Feather seeks to reduce a sentence imposed before November 1, 1987, his petition is governed by 18 U.S.C. § 4205(g).

Although "[t]he First Step Act of 2018 amended § 3582(c)(1)(A) to allow prisoners to file motions for compassionate release," McIvor, 2021 WL 3487107, at *2 (citing Pub. L. No. 115-391, 132 Stat. 5194, 5239), it "did not amend § 4205(g)." Under § 4205(g), "'the court may reduce any minimum term to the time the defendant has served,' but only 'upon motion of the Bureau of Prisons.'" Id. (quoting 18 U.S.C. § 4205(g)). Since White Feather's motion was filed by himself and not the Bureau of Prisons this Court lacks authority to reduce his sentence. See United States v. Marin-Cifuentes, No. 87-CR-0106, Doc. 124 (D. Minn. April 8, 2020) (finding that court lacked jurisdiction under § 3582(c)(1)(A) to grant compassionate release for prisoner who committed offense before November 1, 1987); United States v. Faul, No. 83-CR-0016, 2021 WL 965311 (D.N.D. Mar. 15, 2021) (same).

Even if this Court had authority under § 3582(c)(1)(A) to review White Feather's petition, it would still have to deny the petition because Amendment 829 does not apply retroactively. See United States v. Parrot, 21-CR-691, 2025 WL 995398, at *2–3 (S.D.N.Y.

4

April 3, 2025) (collecting cases from courts that have held Amendment 829 is not retroactive). Under Section 1B1.13 of the United States Sentencing guidelines, any amendment to the guidelines that the Sentencing Commission has not made retroactive "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists" for a sentence reduction. U.S.S.G. § 1B1.13(c); see Parrot, 2025 WL 995398, at *3. Because Amendment 829 is not retroactive, it does not apply to White Feather.

Furthermore, § 3582(c)(1)(A) requires administrative exhaustion. A defendant may not seek a sentence reduction under § 3582(c)(1)(A) until "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also Parrot, 2025 WL 995398, at *2. So even if this Court had authority to grant White Feather's motion and Amendment 829 applied retroactively, White Feather would have had to exhaust his administrative remedies before petitioning this Court. White Feather has made no showing that he has exhausted his administrative remedies. See Doc. 2. Because he has not established administrative exhaustion, this Court would dismiss his claim even if § 3582(c)(1)(A) and Amendment 829 applied. See generally United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021) (noting that § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that must be enforced if raised).

Lastly, this Court knows that White Feather is also serving a sentence imposed in 2013, well after the Sentencing Reform Act of 1984 took effect. But that sentence was imposed by the United States District Court for the Southern District of Illinois, not this Court. And "all motions for sentencing reductions, including motions for compassionate release" under 18 U.S.C.

5

§ 3582(c), "must be filed in the sentencing court." Medina v. Birkholz, No. 22-CV-08804, 2023 WL 2614515, at *2 (C.D. Cal. Mar. 23, 2023) (citing United States v. Ono, 72 F.3d 101, 102 (9th Cir. 1995)); see also United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020) (noting that "[s]ection 3582's text requires those motions to be addressed to the sentencing court"); United States v. Richardson, 948 F.3d 733, 749 (6th Cir. 2020); United States v. Smith, 896 F.3d 466, 473 (D.C. Cir. 2018); Rodriquez-Aguirre v. Hudgins, 739 F. App'x 489, 491 n.2 (10th Cir. 2018) (noting that district court lacked authority to entertain petitioner's request for compassionate release because he filed in the district of confinement instead of the district that sentenced him); Braswell v. Gallegos, 82 F. App'x 633, 635 (10th Cir. 2003) ("Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence."). Thus, this Court lacks any authority to review White Feather's 2013 sentence. If White Feather intended to pursue a sentence reduction to his 2013 sentence, he must file his "Petition 3582" with the appropriate court.

### III. Conclusion

For the reasons stated above, it is therefore

ORDERED that Defendant Cleveland White Feather's "Petition 3582," Doc. 2, is denied.

DATED this 30th day of July, 2025.

BY THE COURT:

*Eric Schulte*
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE